# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rory Shannon,

                Plaintiff,

v.

CZM USA Corp.,

                Defendant and
                Third-Party Plaintiff,

Veit & Company, Inc.,

                Third-Party Defendant.

Case No. 23-cv-3035 (DWF/ECW)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular non-dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is

likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

## **PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information.  The parties agree that agreed that the initial production of any e-discovery will be made in PDF format, but that the parties will preserve all potentially relevant electronic evidence or data in its native form until the conclusion of the case in the event that it becomes necessary to produce e-discovery material in its native format.  The parties are advised that an e-Discovery Guide is available on the Court's website **http://www.mnd.uscourts.gov**.

## **DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **March 1, 2024**.

---

[1] Parties who agree to seek a modification of this Scheduling Order must file a joint motion (rather than a stipulation) and proposed order, and email a Word version of the proposed order to the Court.  The joint motion must meet the requirements of Local Rule 16.3(b)-(c) but need not meet the requirements of Local Rule 7.1(a) or 7.1(b)(B)-(E). The parties need not obtain a hearing date for the joint motion.

2. The parties must commence fact discovery procedures in time to be completed on or before **December 2, 2024**.

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1. No more than a total of 50 interrogatories, counted in accordance with Rule 33(a), shall be served by each party on another party.

2. No more than 50 document requests shall be served by each party on another party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B)-(C). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 50 requests for admissions shall be served by each party on another party.

4. No more than 20 factual depositions, excluding expert witness depositions, shall be taken by each party.

5. No more than 3 Rule 35 medical examination(s) before **January 3, 2025**. If the parties do not agree on the number and scope of Rule 35 medical examinations, the inclusion of a deadline for Rule 35 medical examination(s) in this Order does not relieve a party seeking an examination from its obligation to bring a motion under Rule 35, to show good cause for the examination, and to otherwise meet the requirements of that Rule.

6. The parties have agreed that trial depositions of experts (depositions offered by the propounding party in lieu of live testimony at trial) can be taken up to the time of trial and treating medical providers are to be treated as Rule 26 (a)(2)(C) witnesses who do not have to provide a written report.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling up to 10 experts. Defendant/Third-Party Plaintiff anticipates calling up to 10 experts. Third-Party Defendant anticipates calling up to 5 experts. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before **October 1, 2024**.

    Disclosures by Plaintiff on or before **February 3, 2025**.

    b) Identities by Defendant/Third-Party Plaintiff and Third-Party Defendant on or before **December 2, 2024**.

    Disclosures by Defendant/Third-Party Plaintiff and Third-Party Defendant on or before **April 1, 2024**.

    c) Rebuttal identities and disclosures on or before **June 2, 2025**.

3. Expert discovery, including depositions, shall be completed by **August 1, 2025**.

**PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

**NON-DISPOSITIVE MOTION DEADLINES**

1. Except as otherwise specifically set forth this section, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **July 1, 2024**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **July 1, 2024**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

3. Except as otherwise specifically set forth this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **December 16, 2024**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **August 15, 2025**.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Cowan_Wright_Chambers@mnd.uscourts.gov stating:

a) the discovery dispute;

b) whether all parties agree to informal dispute resolution; and

      c)      any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

## **NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Wright's Courtroom Deputy/Judicial Assistant at 651-848-1890 or Cowan_Wright_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy/Judicial Assistant must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing.  The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set.  A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions.  Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way.  The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits.  Your arguments should be precise.  To the extent a burden is asserted, support for this position must be included.  One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference. The parties will then be allowed to each email to Cowan_Wright_Chambers@mnd.uscourts.gov a short letter setting forth the

issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

## **DISPOSITIVE MOTIONS**

All dispositive motions shall be filed, served, and scheduled on or before **October 1, 2025**. All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Lori Sampson, Courtroom Deputy for District Judge Donovan W. Frank, at 651-848-1296. When a motion, response, or reply brief is filed on CM/ECF, **two** paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Lori Sampson, Courtroom Deputy, at the same time as the documents are posted on CM/ECF.

## **PROTECTIVE ORDER**

The parties intend to seek a protective order. The parties shall jointly file a proposed Protective Order, prominently identifying (yellow highlighting is suggested) any terms on which the parties disagree, on or before **February 2, 2024**. The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (***https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-***

9

*Form.pdf* or *https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx*). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. If the parties use the Court's suggested protective order form, the parties should consider whether they want to permit the retention of documents in addition to those submitted to the Court (for example, correspondence that quotes or describes a confidential document) and draft their proposed protective order to reflect that decision. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box at Cowan_Wright_Chambers@mnd.uscourts.gov.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 30 days after the producing party's discovery that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information in any way, in the prosecution or defense of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production: however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

> (A)   Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:
>
> > (i)   briefly describe the document;

11

    (ii)    explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

    (iii)    identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)    Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

See **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf**.

## SETTLEMENT DISCUSSIONS

The parties are ordered to engage in private mediation on or before **March 7, 2025**. Within 10 days after that private mediation concludes, the parties must file a joint status report as to settlement. Any party may send an ex parte confidential email to Cowan_Wright_Chambers@mnd.uscourts.gov limited to the topic of settlement at that time.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its

discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Cowan_Wright_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

## **TRIAL**

This case shall be ready for trial on **March 2, 2026** at which time the case will be placed on the Court's jury trial calendar. The anticipated length of trial is 10 days.

Date: January 12, 2024

                                                  *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge